# In the United States Court of Federal Claims

Nos. 19-105C; 20-598C
Consolidated
(Filed: December 15, 2020)

|  |  |
|---|---|
| HYDRAULICS INTERNATIONAL, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE UNITED STATES OF AMERICA, )<br>)<br>Defendant. )<br>)<br>) | Keywords: Government Contracts;<br>Jurisdiction; Contracting Officer's Final<br>Decision; Technical Data Package. |

*W. Brad English*, Maynard Cooper & Gale, P.C., Huntsville, AL, for Plaintiff. *Emily J. Chancey*, Maynard Cooper & Gale, P.C., Huntsville, AL, Of Counsel.

*Igor Helman*, Trial Attorney, U.S. Department of Justice, Civil Division, Commercial Litigation Branch, Washington, DC, with whom were *Patricia M. McCarthy*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, and *Jeffrey Bossert Clark*, Acting Assistant Attorney General, for Defendant.

**OPINION AND ORDER**

**KAPLAN, Judge.**

These consolidated cases are before the Court on the government's motion to dismiss case number 20-598 for lack of jurisdiction. The government argues that the matters raised in the complaint were not the subject of a contracting officer's final decision as required to invoke this Court's jurisdiction under the Contracts Disputes Act, 41 U.S.C. §§ 7101–7109. For the reasons that follow, the government's motion to dismiss is **DENIED**.

# BACKGROUND[1]

## I.     Case Number 19-105

On September 19, 2015, the Air Force awarded Hydraulics International, Inc. ("Hydraulics") a contract to engineer, manufacture, and deliver sixty-two MJ-1Es, which are electric lift trucks used to load, transport, and unload weapons and similar cargo onto aircraft. Compl., Case No. 20-598 ("Compl. 20-598") ¶¶ 5, 13, ECF No. 1. In February of 2017, Hydraulics submitted a Technical Data Package ("TDP") to the agency and requested payment for that package in accordance with CLIN 0005 of the contract, entitled "Product Drawings/Models and Associated Lists." Id. ¶ 14; Compl. 20-598 App. A at 10.[2] The agency rejected Hydraulics' submission on August 2, 2017 because, among other reasons, it did not include 3D models of the MJ-1E. Compl. 20-598 ¶¶ 14–15.

The dispute between Hydraulics and the Air Force regarding the failure to include 3D models in the TDP ultimately became the subject of a government claim set forth in a September 18, 2018 Contracting Officer's Final Decision. In that decision, the contracting officer ("CO") rejected Hydraulics' contention that it was not obligated to include 3D models in the TDP. Compl. ("Compl. 19-105") App. A at 7–8, ECF No. 1. The CO further concluded that the agency was entitled to withhold $633,000 of the approximately $1.4 million payable to Hydraulics for the TDP—the amount an engineering analysis showed it would cost the agency to create the 3D models itself. Id. at 7–8. Hydraulics appealed the CO's final decision to this Court on January 18, 2019. See Compl. 19-105, ECF No. 1.

## II.    Case No. 20-598

### A.     The January 18, 2019 Claim

On the same day that Hydraulics filed its civil action in case number 19-105 (January 18, 2019), it submitted certified claims to the CO that ultimately led to the complaint in case number 20-598. Among these claims, and relevant to the present motion to dismiss, Hydraulics requested payment of $784,743.31—the payment remaining under CLIN 0005 after subtracting $633,000, the amount the agency withheld because the TDPs did not include 3D models. Compl. 20-598 App. A at 11–12.[3]

---

[1] The facts set forth below are based on the allegations in the complaints in case numbers 19-105 and 20-598, as well as jurisdictional facts drawn from the evidence submitted by the parties. Unless otherwise noted, all citations are to the docket for the lead case, number 19-105.

[2] The complaint in each case incorporates an appendix. The Court will use the pagination in its electronic filing system when citing to these appendices.

[3] In its January 18, 2019 letter, Hydraulics also claimed that the Air Force had breached the contract by failing to accept delivery of and make payment for seven MJ-1Es. Compl. 20-598 App. A at 10. It demanded that the Air Force accept delivery of the trucks and also that it pay

While its January 18, 2019 claim was pending, Hydraulics offered up two revised TDPs for the agency's consideration, the first of which it submitted on January 24, 2019. Compl. 20-598 App. A at 22. In the meantime, on March 19, 2019, the CO exercised her statutory authority to extend to May 18, 2019 the sixty-day deadline for her final decision on the January 18 claim. Pl.'s Resp. to Mot. to Dismiss for Lack of Jurisdiction ("Pl.'s Resp.") App. A at A1, ECF No. 23 (CO extension notice for January 18, 2019 certified claim); see also 41 U.S.C. § 7103(f)(2) (requiring the CO to issue a decision within sixty days of the submission of a certified claim over $100,000 or "notify the contractor of the time within which a decision will be issued"). Several weeks later, on April 9, 2019, the agency rejected Hydraulics' first revised TDP as incomplete and supplied Hydraulics with a spreadsheet outlining the TDP's alleged deficiencies. Compl. 20-598 App. A at 23.

On May 15, 2019, Contract Specialist Lisa Samples contacted Hydraulics on the CO's behalf. Pl.'s Resp. App. A at A2. She noted that she understood that Hydraulics intended to submit a second revised TDP in the next few days, and asked if Hydraulics would "suspend[] the Claim until [Hydraulics] resubmits and the government engineers complete the final review" of that second revised TDP. Id. Hydraulics responded the same day that it would agree to "suspend" the deadline for the agency's final decision for an additional two weeks, until Friday May 31, 2019. Id. It made clear, however, that it was "NOT withdrawing [its] claim." Id.

Hydraulics then submitted a second revised TDP on May 17, 2019. Compl. 20-598 App. A at 23. On May 29, 2019, the agency rejected the second revised TDP as incomplete. Id.

The next day, May 30, 2019, Hydraulics and the agency met to discuss and clarify the agency's concerns about the second revised TDP. Id. at 24. During the meeting, Hydraulics stated that it would submit a third revised TDP by June 20, 2019, and that the third revised TDP would contain the corrections the agency had requested and/or that Hydraulics would identify and justify any failure to make those corrections. Id.

### B. The CO's May 31, 2019 Disposition of the January 18, 2019 Claim

Although it offered to submit a third revised TDP, Hydraulics did not agree to the continued suspension of its claim. Therefore, on May 31, 2019, the deadline for the CO's decision on that claim, she issued a memorandum addressed to Hydraulics whose subject line read as follows: "Contracting Officer Final Decision—Certified Claim dated 18 January 2019 under [the Hydraulics contract]." Compl. 20-598 App. A at 21. In the memorandum, the CO rejected Hydraulics' claim that further payment was due because—even leaving aside the issue of Hydraulics' failure to provide 3D models—the Air Force had not received and approved any of the TDPs Hydraulics had submitted. Id. at 24.

The CO then recounted why the agency had rejected the TDPs that Hydraulics had submitted before it filed its January 18, 2019 claim, as well as its bases for finding incomplete the two revised TDPs Hydraulics submitted while the claim was pending. She also noted that at

---

Hydraulics for the service and storage of those units. Id. at 11. The parties ultimately settled this aspect of Hydraulics' claim. Compl. 20-598 ¶ 20.

the meeting between the agency and Hydraulics the day before, Hydraulics had offered to submit a third revised TDP on June 20, 2019. Id.

The CO then opined that "[Hydraulics] is still performing within the terms of the contract and payment by the Government for this delivery is pending an acceptable submittal." Id. "[W]ith [Hydraulics] working to resubmit the TDP," according to the CO, "there is not currently a material dispute or issue in controversy." Id. "After re-submittal and the engineering review is complete and the TDP is found to meet the criteria established by Air Force for approval," she stated, "payment pursuant to the contract shall be considered." Id. But "[u]ntil that time," the CO concluded, "payment will not be considered" and Hydraulics' claim would be "denied in full as there is no issue in controversy or material dispute." Id.

### C. Agency Rejection of Subsequently Submitted TDPs

On June 20, 2019, Hydraulics submitted its third revised TDP, Pl.'s Resp. App. A at A5, which the agency rejected on August 2, 2019, id. at A8. The agency found the TDP incomplete because, among other reasons, Hydraulics had not included several drawings which it alleged were proprietary in nature and therefore not subject to inclusion in the TDP. Id.

Hydraulics submitted a fourth revised TDP on September 16, 2019. Id. at A62–63. The agency also found that submission incomplete. Thus, on November 20, 2019, the agency sent Hydraulics a "100% TDP submittal final rejection letter," prepared by an Air Force engineering data analyst. Id. at A65, A69–70. The letter stated that Hydraulics' failure to supply the missing, allegedly proprietary drawings rendered its submissions fatally deficient. Id.

### D. Hydraulics' Appeal to the Court

On May 13, 2020, Hydraulics filed case number 20-598, which challenges the Air Force's refusal to pay Hydraulics the $784,743.31 it alleges that it is due under CLIN 0005 for the TDPs it has submitted (leaving aside the issues concerning the 3D models). See Compl. 20-598. On May 28, 2020 the Court consolidated case number 20-598 with case number 19-105. Order, ECF No. 16.

The government filed the present motion to dismiss for lack of jurisdiction on September 28, 2020. Def.'s Mot. to Dismiss ("Def.'s Mot."), Case No. 20-598, ECF No. 11. Hydraulics has filed its response and oral argument was held on the motion on December 3, 2020. ECF Nos. 23, 26.

### DISCUSSION

Pursuant to the Tucker Act, the United States Court of Federal Claims may "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a) (2012). Subsection (a)(2) of section 1491 further grants the Court of Federal Claims "jurisdiction to render judgment upon any claim by or against, or dispute with, a contractor arising under section 7104(b)(1) of title 41"—that is, the Contract Disputes Act

("CDA"), 41 U.S.C. §§ 7101–7109. The CDA states that a contractor may bring an action de novo in federal court "within 12 months from the date of receipt of a contracting officer's decision." 41 U.S.C. § 7104(b)(3). Therefore, a party seeking to invoke this court's jurisdiction under the CDA must have first submitted a valid claim to the contracting officer and received the contracting officer's final decision on that claim. M. Maropakis Carpentry, Inc. v. United States, 609 F.3d 1323, 1327–28 (Fed. Cir. 2010).

The government does not deny that Hydraulics filed a valid certified claim on January 18, 2019 asserting its entitlement to payment of $784,743.31 under CLIN 0005, contending such payment was due given the TDPs it had already submitted for the agency's approval. Nor does it deny that while that claim was pending Hydraulics submitted two revised TDPs that the Air Force found incomplete and therefore insufficient to trigger the agency's payment obligation. Nonetheless, according to the government, this Court lacks jurisdiction over Hydraulics' complaint in case number 20-598 because that claim was allegedly not the subject of a final decision by the CO.

The government's argument lacks merit for several reasons. For one thing, it is inconsistent with the express text of what the government euphemistically calls the "May 2019 Letter." See, e.g., Def.'s Mot. at 6. The subject line of the CO's memorandum of May 31, 2019 states that it represents the "Contracting Officer Final Decision" on Hydraulics' January 18, 2019 claim. Compl. 20-598 App. A at 21. In the body of the memorandum the CO similarly states that it is "the final decision of the Contracting Officer." Id. at 25. In addition, in the memorandum, the CO purports to deny Hydraulics' claims for payment "in full," including the claim for $784,743.31 that is before the Court in case number 20-598. Id. The CO concludes her memorandum with standard language advising Hydraulics of its right to appeal her final decision to this court or to the agency board of contract appeals. Id.

The government argues nonetheless that the "May 2019 Letter" was not a final decision because in it the CO "expressly discusse[d] additional submissions by [Hydraulics] that the Air Force was expecting, which [the agency] would then review to determine if they complied with the contract requirements." Def.'s Mot. at 6–7. In fact, the government notes, the CO stated that in light of these planned future submissions, "there is not currently a material dispute or issue in controversy." Id. at 7 (quoting 2019 Contracting Officer Final Decision, Compl. 20-598 App. A at 24).

Of course, the fact that Hydraulics intended to submit yet another revised TDP in an effort to satisfy the agency does not bear on whether the CO's decision finally disposed of its claimed entitlement to payment based on the TDPs it had already submitted. Indeed, the government acknowledged as much at the oral argument on its motion to dismiss. Oral Arg. at 5:21–6:02 (stating in response to a question from the Court that it would be "fair to read [the CO's] letter" to have rejected as "inadequate" the TDPs submitted prior to the May 31, 2019 decision letter). And even had the CO attempted to reserve judgment on Hydraulics' entitlement to payment, that would not be a barrier to this Court's exercise of jurisdiction; the claim would be "deemed" denied in any event because her deadline for deciding the January 18, 2019 claim expired as of May 31. Rudolph & Sletten, Inc. v. United States, 120 Fed. Cl. 137, 143–44 (2015); see also 41 U.S.C. § 7103(f)(2). Therefore, the Court has jurisdiction over Hydraulics'

claim that it is entitled to a payment of $784,743.31 under CLIN 0005, and the government's motion must be denied.

Finally, the Court notes that (as described above) Hydraulics submitted two further revised TDPs after the CO issued her final decision—one on June 20, 2019 and another on September 16, 2019. Pl.'s Resp. App. A at A5, A62–63. The Air Force's engineering analysts rejected those packages as incomplete on August 2, 2019 and November 20, 2019 respectively. Id. at A8, A65. At the oral argument on the government's motion to dismiss, both parties agreed that—to avoid future disputes over the scope of the claim before this Court in case number 20-598—the CO should be given the opportunity to review whether these subsequently submitted TDPs trigger the agency's obligation to make payment to Hydraulics. Oral Arg. at 17:20–17:44. Therefore, the Court will remand case number 20-598 to the CO for sixty days, for the purpose of permitting her to issue a new final decision addressing the impact of the subsequently submitted TDPs.

## CONCLUSION

The government's motion to dismiss is **DENIED**. Case No. 20-598, ECF No. 11. Additionally, the Court directs the Clerk to terminate the gavel pending next to Plaintiff's response to the government's motion. Case No. 19-105, ECF No. 23. Consistent with the Court's opinion, the Court shall retain jurisdiction over case number 20-598. The matter of whether any of the TDPs submitted since May 31, 2019 trigger the agency's obligation to pay Hydraulics under CLIN 0005 is **REMANDED** back to the contracting officer for a final decision within sixty days of the date of this decision, in accordance with Rule 52.2 of the Rules of the Court of Federal Claims. Both cases are **STAYED** pending that final decision.

**IT IS SO ORDERED.**

s/ Elaine D. Kaplan
ELAINE D. KAPLAN
Judge